

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Hugo LEVER (1),<br><br>　　　　　　Defendant. | Case No.:　**24CR1581-AGS**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

    In accordance with Title 18, United States Code, Section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on August 14, 2024, to determine whether the defendant, Hugo LEVER ("LEVER" or Defendant), should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney Victor P. White appeared on behalf of the United States. Court appointed counsel, Ralph Cordova, Jr., appeared on behalf of Defendant.

    Based on the evidence proffered by the United States during the hearing, evidence proffered by Defendant, the Pretrial Services' report, and the probable cause statement in the complaint issued against Defendant, the Court concludes that the following facts establish by a preponderance of evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

# I

# **FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

Defendant is charged in the complaint 24MJ8521 with Conspiracy to Launder Monetary Instruments, Laundering Monetary Instruments, and Aiding and Abetting, in violation of Title 18 U.S.C.§§ 2, 1956(a)(2)(B)(i), 1956(a)(3)(B), and 1956(h). Therefore, probable cause exists to believe Defendant committed the charged offense.

The charged offense is an offense for which a maximum term of imprisonment is 20 years.

B. <u>Weight of the Evidence against the Defendant (18 U.S.C. § 3142(g) (2))</u>:

Through a DEA investigation, it was uncovered that among LEVER's money laundering schemes he utilized concert promotion companies to launder drug proceeds. LEVER and his co-defendant in July 2019 received $100,000 USD bulk cash that undercover law enforcement had represented was drug proceeds. LEVER then wired a portion of that money to a bank account and withheld his money laundering commission/fee.

C. <u>History and Characteristics of Defendant (18 U.S.C. § 3142(g)(3))</u>:

1. Defendant is a Mexican citizen with a Border Crossing card which is at risk of being revoked.
2. Defendant resides in Mexico. Defendant's life is in Mexico and the majority of his personal, business, and financial ties are to Mexico. His wife works and resides in Mexico.
3. Defendant has some family members in the Central and Southern Districts of California.
4. Defendant has no criminal history.

## II

## REASONS FOR DETENTION

1. Defendant presents a serious risk of flight. Defendant should be held in detention in accordance with 18, United States Code, Sections 3142(g)(3).

2. There is probable cause to believe that Defendant committed the offense charged in complaint 24MJ8521 of Conspiracy to Launder Monetary Instruments, Laundering Monetary Instruments, and Aiding and Abetting.

3. The offense involved a significant money laundering operation of drug proceeds or bulk cash represented to be from drug proceeds.

4. Defendant's life and ties are to Mexico. His ability to enter the U.S. is at risk of being revoked as result of the charged offense.

5. Defendant has some family members in the Central and Southern Districts of California, but Defendant has not presented a surety with sufficient assets to justify bond.

6. Defendant faces a significant period in custody if convicted of the offense charged. Therefore, he has a strong motive to flee.

# III
# ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**
**IT IS SO ORDERED.**

DATED: August 16, 2024

HON. LUPE RODRIGUEZ, JR.
U.S. MAGISTRATE JUDGE

Prepared by:

TARA K. MCGRATH
United States Attorney

*s/Victor P. White*
Victor P. White
Assistant U.S. Attorney

cc:   Ralph Cordova, Jr.
      Counsel for Defendant

4