TARA K. McGRATH
United States Attorney
VICTOR P. WHITE
CA Bar: 247882
Assistant U.S. Attorney
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8439
Email: Victor.White2@usdoj.gov

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUGO LEVER (1), and<br>JUAN GONZALEZ-FONSECA (2),<br><br>Defendants. | Case No.: 24CR1581-AGS<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY; PRESERVE EVIDENCE; AND LEAVE TO FILE FURTHER MOTIONS** |

The United States of America, by and through its counsel, United States Attorney, Tara K. McGrath, and Assistant U.S. Attorney, Victor P. White, hereby files its Response in Opposition to Defendants' Motion to Compel Discovery, Preserve Evidence, and Leave to File Further Motions. These motions are based upon the files and records of this case.

## I.

## STATEMENT OF THE CASE

On June 11, 2024, a complaint was filed charging Defendants Hugo LEVER and Juan GONZALEZ-Fonseca with Conspiracy to Launder Monetary Instruments, Laundering Monetary Instruments, and Aiding and Abetting, in violation of Title 18 U.S.C.§§ 2, 1956(a)(2)(B)(i), 1956(a)(3)(B), and 1956(h). On or about July 4, 2024,

GONZALEZ-Fonseca was arrested. He was later ordered detained. On or about July 24, 2024, LEVER was arrested. He was later ordered detained. On August 11, 2024, LEVER and GONZALEZ-Fonseca were arraigned on an Information containing the same charges as the complaint.

On September 4, 2024, Defendant GONZALEZ-Fonseca filed a motion to compel discovery, preserve evidence, and leave to file further motions (Doc. 41; Doc. 39 was filed on September 3, 2024, but was later withdrawn). That same day, Defendant LEVER filed a motion (Doc. 40) to join GONZALEZ-Fonseca's motions.

At the parties' joint request, the motion hearing/trial setting was continued twice and is currently scheduled for November 25, 2024 at 9:40 a.m.

## II.
## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

To date, the United States has produced several gigabytes of discovery, including numerous reports, surveillance photographs, surveillance audio and video recordings, audio recorded phone calls, and a phone download. The United States will continue to provide additional discovery as it becomes available on a rolling basis. The United States has been meeting and conferring with Defendant LEVER's and Defendant GONZALEZ-Fonseca's counsel regarding discovery.

Defendants request "*Brady* Material" and information "relevant to a possible defense". The United States recognizes and acknowledges its obligation pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The United States will provide reasonable notice of proposed Fed. R. Evid. 404(b) evidence. As to exculpatory or impeachment information, the United States is aware of its obligations under *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972) and will comply with those obligations. The United States will provide Defendants their criminal rap sheets. The United States will also produce any evidence of bias/motive, impeachment or criminal investigation of any of its

witnesses of which it becomes aware. An inquiry pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

Defendants' request (4) information that may result in a lower sentence, which is premature.

In request (8) Defendants request that the prosecutor assigned to this case oversee a review of all the personnel files of "each agent involved in the present case". In *United States v. Henthorn,* 931 F.2d 29 (9th Cir. 1991), the Ninth Circuit Court of Appeals held that, upon a defendant's request, the United States is required to review personnel files of law enforcement officials that the government intends to call as <u>witnesses</u>. However, Defendant's request overstates the United States' *Henthorn* obligations and does not cite any legal authority for its motion to require this review for "each agent involved in the present case". This request should be denied.

Request (18) for informant's identity and location is premature. The government has a limited privilege to withhold the identity of a confidential informant. <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957); <u>United States v. Sai Keung Wong</u>, 886 F.2d 252, 255 (9th Cir. 1989). Reports describing the informant's information about Defendants and communications between the informant and Defendants have been and are being provided in discovery. Audio recordings of a meeting and phone calls with GONZALEZ-Fonseca have been provided in discovery. An undercover agent also met with Defendants and video and audio recordings of those meetings have been provided in discovery. At this time, Defendant has not made a threshold that disclosure of the informant's identity and location would be relevant and helpful to his defense. Additionally, for similar reasons request (19) for information of informant's bias is premature.

In sum, the United States has provided a substantial amount of discovery and will continue to make additional productions and disclosures on a rolling basis in compliance with its legal obligations. To the extent Defendants request specific documents or types of documents, the United States will continue to disclose any and all discovery that is

required by the relevant discovery rules. The United States will also accommodate reasonable requests to inspect items upon a timely request for viewings at mutually agreeable times.

To date, the United States has not received any reciprocal discovery.

The United States has taken steps to preserve evidence in this case, but objects to this request as overbroad as it requests preservation of evidence of "events leading to the arrest". However, the United States will work with defense counsel to narrow that request. The United States will take steps to preserve everything currently in its custody. To the extent that Defendant requests for a specific item to be preserved, the United States will promptly respond to Defendant's request. Accordingly, a Court order regarding preservation is not necessary at this time. Moreover, the United States will try to preserve all evidence to which Defendants are entitled, but objects to any global request for preservation of all evidence as contrary to Arizona v. Youngblood, 488 U.S. 51, 57 (1988) (finding it improper to impose on the government "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution)".

Finally, the United States does not oppose Defendants' motions for leave to file further motions, and the United States requests an opportunity to respond.

## CONCLUSION

For the foregoing reasons, the United States requests that Defendants' motions be denied where opposed.

DATED: November 22, 2024

Respectfully submitted,

TARA K. McGRATH
United States Attorney

/s/ Victor P. White
VICTOR P. WHITE
Assistant U.S. Attorney